UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
WICHITA DIVISION

Mansoor Nooruddin,

        Plaintiff,

v.

Comerica Incorporated      Case No. 11-1188-EFM-JPO
Comerica Corporate Headquarters
Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201,

        Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF**

COMES NOW, the PLAINTIFF, Mansoor Nooruddin, by and through his counsel, Abdul Q. Arif of the Law Offices of Arif & Haeri, LLP, and respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendant, Comerica Incorporated, (hereafter "Comerica"), agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), and the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANT has caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p and 1692k(d) without regard to the amount in controversy. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, as the Plaintiff is a resident within this District.

3. This is an action brought by a consumer for violations of the above named Acts in

1

connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite direct communication specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## PARTIES

4.  The Plaintiff is a natural person residing within Wichita, Sedgwick County, Kansas.

5.  The Defendant, Comerica Incorporated, is a commercial banking institution that, among other things, uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due itself or another, whether by internal process, by alias, or by third-party contract.

## FACTS

6.  Up until February of 2010, Plaintiff resided in Shelby Township, Michigan where he was gainfully employed.

7.  During his residency in Michigan, Plaintiff opened a checking account with the Defendant's branch office that he used to receive direct payroll deposits from his employer, SPX of Warren, Michigan.

8.  Plaintiff was laid off from his employment with SPX in January of 2010.

9.  In February of 2010, Plaintiff moved back to Wichita, Kansas to live with his parents.

10. Plaintiff left his checking account open with the Defendant's branch office in Michigan as he was expecting his final payroll deposits to be made directly to that account after he left the State of Michigan. Plaintiff received his final pay advices from his former employer approximately two (2) to three (3) weeks after he moved to Wichita.

11. Plaintiff filed a change of address notice with the U.S. Postal Service prior to his move to Wichita, Kansas.

12. Over one (1) year later, in March of 2011, Plaintiff approached a banking institution in Wichita, Kansas, Fidelity Bank, to request a new checking account. Plaintiff was refused his request.

13. Plaintiff learned that the Defendant had reported to consumer reporting agencies that Plaintiff owed the Defendant $832.00 in overdraft charges related to his checking account at Defendant's branch office.

14. Plaintiff had not received any notice, written or oral, that such overdraft charges had been made against his checking account with the Defendant's branch office.

15. Plaintiff had not written any checks on the Comerica checking account that would have resulted in these overdraft charges.

16. Despite several attempts to contact the Defendant's branch office, and Defendant's corporate headquarters, the Defendant has failed to provide Plaintiff with an explanation for the overdraft charges.

17. Despite the Plaintiff's request for an investigation into the source of these overdraft charges, the Defendant, and it's third-party contractual partners, have failed to investigate.

## COUNT 1- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. The allegations of paragraphs 1 through 17 of this Complaint are re-alleged and incorporated by reference.

19. The Defendant, and their third-party contractual partners, are debt collectors, as defined by 15 U.S.C. § 1692a(6).

20. The Defendant, and their third-party contractual partners, violated the FDCPA by:

21. Multiple violations of § 1692e(2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt.

22. Violations of § 1692e for communicating information which is known to be false.

23. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

## COUNT 2- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

24. The allegations of paragraphs 1 through 17 of this Complaint are re-alleged and incorporated by reference.

25. Defendant regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

26. Defendant did not notify the Plaintiff at any time that the dispute was considered

3

frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

27.     Defendant failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i(a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

28.     Defendant failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of the Defendant.

29.     If Defendant performed an investigation, Defendant failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

## COUNT 3- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.     The allegations of paragraphs 1 through 17 of this Complaint are re-alleged and incorporated by reference.

31.     The Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

32.     The Defendant attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A)     Declaratory judgment that Defendant has violated the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

(B)     For preliminary and permanent injunctive relief, enjoining the named Defendant and other conspirators from engaging in further violations of the Fair Credit Reporting Act, and the Fair Debt collection Practices Act.

(C)    For preliminary and permanent injunctive relief, enjoining the named Defendant and other conspirators from:

    1.    Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

    2.    Attempting to place the Plaintiff on any "hot check" or "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(D)    For an order awarding actual damages in the following amount:

    1.    Against Defendant in the amount of $5,000 in legal fees and costs, as well as the District Court's filing fee of $350.

(E)    For an order awarding statutory damages in the following amounts:

    1.    Against Defendant for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $2,000, or $3,000 if the Court finds a violation of 15 U.S.C. § 1681s-2(b)(1)(D).

(F)    For an order awarding punitive damages as follows:

    1.    Against Defendant in the amount of $10,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action. Plaintiff designates trial to be held before the District Court of Kansas at the Wichita Division, 401 North Market Street, Wichita, Kansas 67202.

Respectfully submitted by:

/s/ Abdul Q. Arif
Abdul Q. Arif, #P76234
Law Offices of Arif & Haeri, LLP
4031 East Harry Street
Wichita, Kansas 67218
(316) 771-7501 Tel
(316) 771-7201 Fax
abdul.arif@gmail.com
Attorney for Plaintiff