# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANSOOR NOORUDDIN, | |
| *Plaintiff*, | |
| vs. | Case No. 11-1188-EFM |
| COMERICA INCORPORATED, | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

To survive a motion to dismiss, a plaintiff must allege sufficient facts in his complaint. Plaintiff Mansoor Nooruddin filed suit, asserting claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and an intentional infliction of emotional distress claim. Defendant seeks dismissal, alleging that Nooruddin did not assert sufficient facts for his three claims to survive Defendant's motion to dismiss. We find that his complaint was sufficiently detailed as to his two statutory claims, and so deny Defendants' motion to dismiss. As to his tort claim, however, we find his allegations insufficient, and grant dismissal.

### I. Factual and Procedural Background

The following facts are taken from Plaintiff's corrected complaint.[1] For the purposes of this motion, the Court assumes the truth of these facts. Plaintiff Mansoor Nooruddin lived in Shelby

---

[1] Plaintiff filed his complaint on July 15, 2011 but filed a corrected complaint on July 18, 2011. *See* Doc.1-1.

Township, Michigan until February, 2010. During Plaintiff's residency in Michigan, he opened a checking account with Defendant Comerica Incorporated's branch office that he used to receive direct payroll deposits from his employer. Plaintiff was laid off in January, 2010.

In February, Plaintiff moved to Wichita, Kansas to live with his parents and left his checking account open with Defendant's branch office because he was expecting his final payroll deposits to be made directly to that account. Plaintiff received his final pay from his former employer two to three weeks after he moved to Wichita. Prior to moving to Wichita, Plaintiff filed a change of address notice with the U.S. Postal Service.

In March, 2011, Plaintiff approached a banking institution in Wichita, Kansas to request a new checking account, but the bank refused his request. Plaintiff alleges that he learned  Defendant had reported to consumer reporting agencies that Plaintiff owed Defendant $832.00 in overdraft charges related to his checking account at Defendant's branch office. Plaintiff did not receive any notice that such overdraft charges had been made against his checking account, and he alleges that he had not written any checks on the Comerica checking account that would have resulted in the overdraft charges. Despite Plaintiff's several attempts to contact Defendant's branch office and corporate headquarters, Plaintiff contends that Defendant has failed to provide him with an explanation for the overdraft charges. In addition, Plaintiff alleges that despite his request for an investigation into the source of the overdraft charges, Defendant, and its third party contractual partners,[2] have failed to investigate.

Plaintiff brings three claims. In his first claim, violation of the Fair Debt Collection Practices Act ("FDCPA"), he contends that Defendant, and their third-party contractual partners, are debt

---

[2]No third-party contractual partners are named in the complaint.

collectors. Plaintiff alleges that they violated the FDCPA by falsely representing the character, amount, or legal status of a debt.

In Plaintiff's second claim, violation of the Fair Credit Reporting Act ("FCRA"), he alleges that Defendant furnishes information to one or more consumer reporting agencies about transactions. Plaintiff contends that after Defendant received Plaintiff's notice of dispute, Defendant failed to adequately conduct an investigation with respect to the disputed information. Plaintiff also asserts that Defendant did not notify Plaintiff that the dispute was considered frivolous or that Plaintiff had not provided sufficient information to investigate the dispute.

Plaintiff also asserts a claim for intentional infliction of emotional distress. He claims that Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions to intimidate and coerce Plaintiff into paying a debt which was not legitimately owed.

Defendant filed a motion to dismiss seeking to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a motion for extension of time to file a response,[3] but the motion was denied because it was not timely filed.[4]  In the Court's denial of that motion, on September 29, 2011, it directed Plaintiff to the local rules instructing parties how to file motions for leave to file out of time.  Plaintiff never sought leave to file his response out of time.  Accordingly, Defendant's motion is unopposed.  Although Defendant's motion to dismiss is unopposed, the Court must still consider the sufficiency of the allegations and determine whether the plaintiff states a claim for relief.[5]

---

[3]Doc. 8.

[4]Doc. 9.

[5]*See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[6] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[9] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[10] Allegations that merely state legal conclusions, however, need not be accepted as true.[11]

## III.  Discussion

Defendant moves for dismissal of the complaint.  Defendant first contends that Plaintiff fails to state a claim because Plaintiff failed to name the proper party.  In addition, Defendant asserts that Plaintiff inadequately alleged sufficient facts to support any of his claims.

---

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[9]*Iqbal*, 129 S.Ct. at 1950.

[10]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[11]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant argues that Plaintiff alleged in his complaint that he opened an account with "Comerica Bank" but that Plaintiff obtained service on "Comerica Incorporated." Plaintiff, however, never makes allegations against "Comerica Bank" in the complaint. Instead, he alleges that he opened a checking account with "Defendant's branch office." As such, from the allegations in the complaint, it would appear that this relates to the named Defendant, Comerica Incorporated. Furthermore, although Defendant argues that Comerica Bank, a Texas banking association, and Comerica Incorporated, a Delaware corporation, are separate entities, Defendant provides no support for this argument. Defendant merely asserts it in its brief and expects the Court to treat it as an established fact. Accordingly, because Defendant's argument is unsupported and outside of the complaint, its argument that it is an improper party fails.

Defendant contends that Plaintiff's first cause of action, a violation of the FDCPA, fails because "Comerica Bank"  acts as a creditor collecting its own debts and therefore cannot be considered a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6) defines "debt collector" as "any person who . . .  regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Although Defendant categorizes itself as a creditor, and not as a "debt collector,"  on a motion to dismiss, the Court must consider only the allegations in the complaint itself. Plaintiff specifically asserts that Defendant is a debt collector. "There is no requirement in the FDCPA that the facts to support the allegation that a party is a debt collector be pled with particularity."[12] While Defendant may not be a "debt collector" within the meaning of the FDCPA, the Court cannot conclude this from the face of the complaint and must construe all allegations in the light most favorable to Plaintiff. As such, the Court denies Defendant's motion to

---

[12]*See Carter v. Daniels,* 91 F. App'x 83, 86 (10th Cir. 2004) (reversing a district court's dismissal of a *pro se* plaintiff's claim under the FDCPA because complaint adequately alleged that defendant was a debt collector).

dismiss this claim.

With respect to Plaintiff's claim of a violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1) provides that furnishers of information must perform certain duties "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency . . . ." Because filing a dispute with a consumer reporting agency is a prerequisite to liability under the FCRA,[13] Defendant contends that it is absolved from liability as Plaintiff's complaint fails to allege that he filed a dispute with a consumer reporting agency. Plaintiff, however, alleges in the complaint that Defendant failed to adequately conduct an investigation with respect to the disputed information *after his notice of dispute was received* at the offices of the Defendant. Although not specifically pled that Plaintiff first filed the dispute with a consumer reporting agency, construing the complaint in the light most favorable to Plaintiff, the allegation in the complaint could be construed that Defendant received the notice of the dispute from a consumer reporting agency. Again, on a motion to dismiss, the Court must only consider the facts on the face of the complaint and assume they are true.  As such, the Court denies Defendant's motion to dismiss this claim.

As to Plaintiff's claim of intentional infliction of emotional distress, four elements are required: "(1) [t]he conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe."[14] Extreme and outrageous conduct "must be so outrageous in character and so extreme

---

[13]*See* 15 U.S.C. § 1681i(a)(2); *see also Tilley v. Global Payments, Inc.*, 603 F. Supp. 2d 1314, 1322 (D. Kan. 2009).

[14]*Taiwo v. Vu*, 249 Kan. 585, 592, 822 P.2d 1024, 1029 (1991) (citation omitted).

in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society."[15] Plaintiff's complaint fails to contain any factual allegations that Defendant's behavior was extreme or outrageous. Plaintiff's complaint does not even contain a bare legal conclusion asserting that Defendant's behavior was extreme or outrageous. Furthermore, Plaintiff fails to allege any facts that his mental distress was extreme and severe. He simply asserts that Defendant intended to and did inflict severe emotional distress upon him.  As such, Plaintiff fails to state a claim, and the Court dismisses this claim.

**IT IS ACCORDINGLY ORDERED**  that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15]*Miller v. Sloan, Listrom, Eisenbarth, Sloan and Glassman*, 267 Kan. 245, 257, 978 P.2d 922, 930 (1999).

-7-