# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANSOOR NOORUDDIN,<br><br>*Plaintiff*,<br><br>vs.<br><br>COMERICA INCORPORATED,<br><br><br>*Defendant*. | Case No. 11-1188-EFM |

## MEMORANDUM AND ORDER

Settlement agreements between parties are enforceable so long as the parties had a meeting of the minds as to all essential terms. Defendant Comerica Incorporated seeks the Court's enforcement of an alleged settlement agreement between the parties. Plaintiff Mansoor Nooruddin argues that Defendant's response did not mirror Plaintiff's offer but was instead a counteroffer so there was no agreement between the parties. The Court finds that there was no meeting of the minds, and therefore no settlement agreement. For that reason, the Court denies Defendant's Motion to Enforce Settlement Agreement (Doc. 13).

### I.  Factual and Procedural Background

On July 15, 2011, Plaintiff filed suit, asserting claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and an intentional infliction of emotional distress claim. Defendant sought dismissal of Plaintiff's claims, and Plaintiff failed to file a response. The Court issued an Order on November 16, 2011, that dismissed Plaintiff's intentional infliction of

emotional distress claim but left the two statutory claims.

Approximately five days later, Plaintiff's counsel, on behalf of Plaintiff, sent Defendant's counsel correspondence. The letter provided:

> My client is willing to settle the above referenced matter by paying your client an amount of $832.00, representing the disputed 'overdraft charges,' in exchange for your client taking the necessary steps to remove the negative information submitted to the reporting agencies that prevent him from opening a checking account with his institution of choice. Each party shall be responsible for their own legal fees and costs.
>
> This offer is not an admission by the Plaintiff that the "overdraft charges" were properly assessed against my client.

On December 8, 2011, Defendant's counsel sent return correspondence to Plaintiff's counsel. Defendant's correspondence stated:

> We are in receipt of your correspondence dated November 21, 2011 containing a settlement offer [from] Mansoor Nooruddin and forwarded the same to our client for its consideration. Our client is willing to accept the sum of $832.00 and a dismissal of the above-referenced matter with prejudice in exchange for our client indicating that the account is "Paid Satisfied."
>
> Please submit certified funds payable to Comerica Bank . . . by close of business on December 16, 2011. If you have any questions or want to discuss this further, please contact me.

Defendant's counsel then sent Plaintiff's counsel a follow-up email on December 16, 2011 referencing the fact that Defendant had accepted Plaintiff's settlement offer and requested the status of the settlement funds. That same day, Plaintiff's counsel responded and advised that there was a miscommunication between Plaintiff and Plaintiff's counsel's staff:

> Mr. Nooruddin categorically is opposed to the settlement offer. He is under the impression that CoAmerica [sic] bank was going to pay HIM the $880 and remove the derogatory information. The whole purpose of the lawsuit was to achieve that goal and this settlement puts him in worse off position than he was before.
>
> I am ready to conduct a scheduling conference per Court's order and continue to prepare for trial . . . .
>
> I apologize for the error.

In January, Defendant filed this Motion to Enforce Settlement Agreement. Defendant argues that the parties reached a settlement agreement in December and that the Court should enforce that agreement. Plaintiff's response, entitled "Objection to Defendant's Motion to Enforce Settlement Agreement," agreed with Defendant's recitation of the facts, including the fact that Defendant accepted Plaintiff's settlement agreement. But Plaintiff argued that the parties did not reach an agreement because Defendant's acceptance did not mirror Plaintiff's offer since Defendant, instead of agreeing to remove the negative information from the credit reporting agencies, only agreed to indicate that Plaintiff's account was "Paid Satisfied." Thus, Plaintiff contends that Defendant's response was a counter-offer that Plaintiff did not accept. Defendant filed a Motion to Strike Plaintiff's Objection, or in the alternative, a Reply to Plaintiff's response. The Court will address each motion.

## II.  Discussion

Initially, the Court must discuss Defendant's Motion to Strike Plaintiff's Objection to Defendant's Motion to Enforce Settlement or, in the alternative, Reply in Support of Defendant's Motion to Enforce Settlement Agreement. Defendant asserts that it brings its motion pursuant to Federal Rule of Civil Procedure 12(f) and that the Court should strike Plaintiff's Objection because (1) when Plaintiff agreed to Defendant's recitation of the facts as uncontroverted, Plaintiff admitted that Defendant accepted the settlement offer, and (2) due to this admission, the Court should bar Plaintiff from asserting the defense that Defendant's correspondence was a counter-offer.

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is directed to material

contained in *pleadings*. Plaintiff's response is not a pleading.[1] "The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda."[2] Defendant's motion to strike is without authority. Accordingly, the Court denies Defendant's Motion to Strike. The Court, however, will consider the document as Defendant's reply.

With regard to Defendant's Motion to Enforce Settlement Agreement, the parties dispute whether they entered into an agreement because they disagree as to whether Defendant's response to Plaintiff was an acceptance or a counter-offer. "A trial court has the power to summarily enforce a settlement agreement between the parties to a case which is still pending in that court."[3] Because a settlement agreement is a contract, state law generally governs whether that settlement agreement is binding.[4] To form a binding contract, there must be a meeting of the minds between the parties as to all essential terms.[5] A meeting of the minds requires a fair understanding between the parties accompanied with mutual consent.[6] "[T]he evidence must show with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract."[7]

With respect to an offer and acceptance of an offer, "a communicated offer creates a power to accept the offer that is made, and only that offer. Any expression of assent that changes the terms

---

[1] *See* Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, answer to counterclaim, answer to crossclaim, third-party complaint and third-party answer).

[2] *See Phillips v. Martin*, 2007 WL 4139646, at *1 (D. Kan. Nov. 16, 2007); *see also Searcy v. Soc. Sec. Admin.*, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992).

[3] *Lowery v. Cty. of Riley*, 738 F. Supp. 2d 1159, 1167-68 (D. Kan. 2010) (citing *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) and *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)).

[4] *See Shoels,* 375 F.3d at 1060.

[5] *Albers v. Nelson*, 248 Kan. 575, 580, 809 P.2d 1194, 1198 (1991).

[6] *See Steele v. Harrison*, 220 Kan. 422, 428, 552 P.2d 957, 962 (1976).

[7] *Id.* (citations omitted).

-4-

of the offer in any material respect may be operative as a counter-offer, but it is not an acceptance and constitutes no contract."[8] Thus, no contract will exist between the parties until the counteroffer is accepted by the original offeree.[9]

Plaintiff offered to settle this case by paying Defendant an amount of $832.00 in exchange for Defendant "taking the necessary steps to remove the negative information submitted to the reporting agencies" that prevents Plaintiff from opening a checking account. Defendant stated that it was willing to accept the sum of $832.00 and a dismissal of the case with prejudice in exchange for Defendant "indicating that the account is 'Paid Satisfied.'"

Defendant argues that the parties entered into an enforceable settlement agreement because Defendant agreed to the amount of Plaintiff's settlement offer and agreed to report to reporting agencies that the account was "Paid Satisfied." Plaintiff contends that Defendant's response was a counter-offer because "Paid Satisfied" did not mirror Defendant's request for Defendant to remove negative information submitted to reporting agencies.[10]

The Court finds that Defendant's response was a counter-offer. "Paid Satisfied" does not reflect Plaintiff's term requesting Defendant to take the necessary steps to remove negative information submitted to reporting agencies regarding Plaintiff's account. Defendant's response was a material change to Plaintiff's terms because Defendant did not indicate that it would inform reporting agencies of the "Paid Satisfied." Nor is it apparent that an indication of "Paid Satisfied,"

---

[8] *Id.*

[9] *Id.*

[10] In Plaintiff's reply to Defendant's request for payment of the alleged settlement funds, Plaintiff's counsel indicated that there had been a miscommunication between Plaintiff's counsel and Plaintiff, and Plaintiff believed that Defendant was going to pay him the $832, rather than Plaintiff paying Defendant. Plaintiff, however, does not assert an argument relating to miscommunication or mistake to this Court.

even if reported to the credit agencies, is comparable to removing the negative information that Plaintiff at one time had an account deficiency.  Furthermore, neither party argued to the Court that Defendant's counter-offer included an additional term that the case be dismissed with prejudice. The dismissal of the case with prejudice is a material term not agreed upon by Plaintiff. Based upon the above facts, the Court concludes that the parties did not have a settlement agreement because the parties did not have a meeting of the minds as to all essential terms.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Enforce Settlement Agreement (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Objection to Defendant's Motion to Enforce Settlement (Doc. 18) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 5th day of April, 2012.

ERIC F. MELGEN
UNITED STATES DISTRICT JUDGE